# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-2356EA

_____

| | | |
|---|---|---|
| James Bankhead and Charles Ballard, | * | |
| | * | |
| Appellees, | * | |
| | * | |
| v. | * | |
| | * | |
| | * | On Appeal from the United |
| Kurt Knickrehm, Director of the | * | States District Court |
| Arkansas Department of Human | * | for the Eastern District |
| Services; Artee Williams, Deputy | * | of Arkansas. |
| Director of the Arkansas Department | * | |
| of Human Services; and Shelby | * | |
| McCook, Chief Fiscal Officer of the | * | |
| Arkansas Department of Human | * | |
| Services, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: January 12, 2004
Filed: March 11, 2004

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

This is an interlocutory appeal from the denial of summary judgment on the issue of qualified immunity. Plaintiffs, James Bankhead and Charles Ballard, both black men, allege several causes of action arising from their employment with the Arkansas Department of Human Services. Plaintiffs allege that they were discriminated against on account of their race and retaliated against by defendants, Shelby McCook, Artee Williams, and Kurt Knickrehm, officials of the Arkansas Department of Human Services.

The District Court held that material factual disputes existed, requiring the denial of summary judgment for the defendants on their defense of qualified immunity. This interlocutory appeal followed. We respectfully disagree with the District Court. In our opinion, the summary-judgment record does not support a finding of discrimination or retaliation, the claims made by plaintiffs. We therefore reverse and remand for entry of judgment in favor of defendants.

I.

Both plaintiffs are black men employed by the Arkansas Department of Human Services. Mr. Bankhead began his employment at the Department of Human Services in January 1972, and at the time of trial served as payroll manager in General Operations. Mr. Ballard began his employment with the Department of Human Services in 1988 and served as accounts-payable manager in General Operations. Defendant McCook was an indirect supervisor of both plaintiffs and served as Chief Fiscal Officer. Mr. Knickrehm and Mr. Williams served as Director and Deputy Director of the Department, respectively, and were at all times relevant to the case Mr. McCook's supervisors.

Plaintiffs claim that soon after Mr. McCook was hired as Chief Fiscal Officer he "began a systematic program of harassment and intimidation against [plaintiffs]." Br. of Appellee 2. In February 2001, Linda Holmstrom, a woman, was hired in a

Grade 99 position with the Office of Fiscal Management at the Department of Human Services. A Grade 99 position is an unclassified position, for which the Department of Human Services is not required to advertise. However, the position must be approved by the Director, Mr. Knickrehm. Plaintiffs argue that this was the first step in the conspiracy to hire Ms. Holmstrom as Business Manager, and to circumvent the regular hiring process in order to discriminate against them.

On February 20, 2001, plaintiffs and James Bowman, a white man, filed a complaint with Mr. Knickrehm regarding the hiring of Ms. Holmstrom. The plaintiffs allege that the hiring policy was used selectively to their disadvantage. The complaint alleges that plaintiffs attempted to meet with Mr. McCook about his decision to hire Ms. Holmstrom, and that Mr. McCook refused this request. Plaintiffs complained that they were not respected by Mr. McCook and should have been given the opportunity to apply for the Grade 99 position. Plaintiffs also asserted that Mr. McCook "apparently has no management style," and has been difficult to work under. The complaint also asserts that "[h]e has different rules for different people. His treatment and work expectations are based on whether or not you are his lunch buddy. He makes no effort to reward people who are on board . . . routine vendor and employee inquiries have been blown out of proportion . . .." App. 252. The plaintiffs briefly assert that Mr. McCook's attitudes and decisions are based upon his "attitude toward minorities." App. 254. After receiving this complaint, Mr. Knickrehm ordered an internal investigation. On April 18, 2001, Verma Simmons, to whom the investigation had been assigned, issued a report summarizing her conclusions, stating that her office found no evidence that Mr. McCook's hiring was based on any unlawful discrimination.

On March 22, 2001, the plaintiffs filed another internal complaint with Mr. Williams, alleging retaliation by Mr. McCook. Ms. Simmons issued another report stating that the plaintiffs could not prove retaliation because they could not prove that Mr. McCook had any knowledge of the previous complaints against him.

In June 2001, the Department of Human Services advertised an opening for the position of Business Manager. The position was a classified, Grade 24 position in the Office of Fiscal Management under the direct supervision of Mr. McCook. The listing for the position required the following: knowledge of Generally Accepted Accounting Principles; experience in payroll administration; knowledge of state and federal accounting rules, budgetary procedures, regulations, and rules relating to payroll; experience with information recording, reporting, and auditing; the ability to plan and direct all phases of general accounting functions; and the ability to interpret laws, policies, and procedures.

Plaintiffs each submitted an application for the position, along with Ms. Holmstrom, and Mr. McCook interviewed each applicant. During each interview, the candidates were asked the same preselected questions. Based upon each candidate's resume and interview, Mr. McCook assigned each applicant a score, and the candidate with the highest score was to be offered the position. Ms. Holmstrom received a 424, while Mr. Bankhead and Mr. Ballard received scores of 300 and 237, respectively. According to Department of Human Resources procedures, Ms. Holmstrom was therefore selected for the position. Mr. Ballard and Mr. Bankhead then filed charges with the EEOC, alleging race discrimination. Both plaintiffs were issued a right-to-sue letter, and on December 19, 2001, the plaintiffs filed suit in the District Court.

## II.

This Court reviews the denial of qualified immunity de novo. Herts v. Simmons, 345 F.3d 581, 584 (8th Cir. 2003). "We examine the facts alleged, or supported by the summary-judgment record, to see whether they support a claim that the defendants violated clearly established law." Ibid.

Because the District Court found that disputed issues of material fact existed with respect to the qualified-immunity defense, plaintiffs assert that this Court lacks jurisdiction over the appeal. However, "[a] denial of summary judgment on the ground of qualified immunity may be reviewed on interlocutory appeal when the issue presented is a purely legal one: whether the facts alleged [or shown by the summary-judgment record] . . . support a claim of violation of clearly established law." Id. at 585 (quotations and citations omitted). The question on appeal is whether the summary-judgment record supports a finding that defendants violated clearly established law. Ibid. We hold that it does not.

The qualified-immunity defense protects "[g]overnment officials performing discretionary functions." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Government officials are "generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Ibid. Thus, we decide whether a defendant is entitled to qualified immunity according to an objective standard. Herts, 345 F.3d at 585.

Plaintiffs allege several causes of action against defendants, including discrimination and retaliation. All of the claims relate to the same basic facts: Mr. McCook hired Ms. Holmstrom, instead of the plaintiffs, for a Grade 24 position. The plaintiffs allege that Mr. McCook's selection was discriminatory and in retaliation for their speaking out against him.

We find no substantial evidence in this record that Mr. McCook discriminated or retaliated against the plaintiffs. There could be a suspicion that the defendants, or some of them, intended from the beginning to hire Ms. Holmstrom as Business Manager, but we see no evidence of substance that either race or retaliation had anything to do with this plan, if there was a plan. Although Mr. McCook hired Ms. Holmstrom into the Grade 99 position without advertising it to other employees,

Department of Human Services policy does not require that such a position be posted. Although plaintiffs' complaint alleges that prior practice dictated that such positions be posted, plaintiffs offer no evidence to prove such allegations. Plaintiffs are not free to rest on the allegations contained in their complaint when faced with a motion for summary judgment.

After Ms. Holmstrom accepted the Grade 99 position, Mr. McCook created the position of Business Manager and posted this position in accordance with Department of Human Services policy. The plaintiffs applied for, and interviewed for, this position, but neither was selected. Instead, Mr. McCook selected Ms. Holmstrom because her interview and resume score was higher than the scores of either of the two plaintiffs. Plaintiffs do not argue that the interview process was flawed or that it was tainted with discrimination; rather, they argue that Ms. Holmstrom was less qualified.

This record leaves no room for such a contention. Ms. Holmstrom has a Bachelor of Science in Business Administration with an emphasis in accounting, she is a licensed Certified Public Accountant, she has extensive experience in finance and accounting, and she has served as a Chief Financial Officer for various companies. Mr. Bankhead and Mr. Ballard allege that they were more qualified for the position because they had more years of experience in the areas of finance and accounting and because they had more years of experience in state accounting. Although Mr. Bankhead and Mr. Ballard may have more experience in accounting if one counts raw years, Ms. Holmstrom's experience has generally encompassed a higher level of responsibility. She has worked independently for years, generally managing the finance and accounting section of a small business. Ms. Holmstrom is also a licensed Certified Public Accountant. Neither Mr. Bankhead nor Mr. Ballard is a licensed Certified Public Accountant. Although Mr. Bankhead and Mr. Ballard contend that this was not required by the job description, a Certified Public Accountant is expected to have a strong understanding of Generally Accepted Accounting Principles, state

and federal accounting rules, and the other requirements that were listed in the posting for the position, so holding a license as Certified Public Accountant is certainly relevant. Plaintiffs offer no other evidence of discrimination. Absent some proof that the reasons given were merely a pretext for race discrimination, we cannot hold that there has been discrimination.

Our jurisdiction on this appeal is limited to the question of qualified immunity, but the answer to that question necessarily includes a determination whether any constitutional or statutory rights were violated in the first place. Lockridge v. Board of Trustees, Univ. of Ark., 315 F.3d 1005, 1008 (8th Cir. 2003) (en banc). We find no evidence in this record sufficient to support a finding that Mr. McCook selected Ms. Holmstrom for any reason other than her qualifications nor is there any evidence of substance of wrongful intent (in the sense of discrimination or retaliation) against the other two defendants.

The complaint named the three defendants in both their individual and official capacities. Qualified immunity is a defense only against a claim in one's individual capacity. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Suits against public employees in their official capacity are the legal equivalent of suits against the governmental entity itself. Buford v. Runyon, 160 F.3d 1199, 1201 n.3 (8th Cir. 1998) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)). Ordinarily, the question of the liability of a governmental entity, or of governmental officials sued in their official capacity, would not be open on an interlocutory qualified-immunity appeal. Here, however, our ground of decision in favor of the defendants in their individual capacity — that there was not substantial evidence of illegal intent — is of course also fatal to the official-capacity suit. On a qualified-immunity appeal, if the ground of decision would, as a necessary legal consequence, inevitably require a judgment for another defendant, or for the same defendants in another capacity, the ordinarily narrow nature of our qualified-immunity jurisdiction does not prevent us from saying so. Lockridge, 315 F.3d 1012-13. Accordingly, this

action should be dismissed in its entirety against all three defendants in their individual and official capacities.

The order of the District Court is reversed, and this case is remanded to that Court for dismissal of the complaint.

_____